UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>v.<br><br>JOHN PLAKETTA,<br><br>                         Defendant. | Case No.:  19CR1097 JM<br><br>**ORDER ON MOTION FOR COMPASSIONATE RELEASE** |

Presently before the court is Defendant John Plaketta's letter, which the court construes as a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 73). For the reasons stated below, Mr. Plaketta's Motion is **DENIED WITHOUT PREJUDICE.**

### BACKGROUND

On July 3, 2019, Mr. Plaketta pled guilty to charges of being a "felon in possession of a firearm" in violation of 18 U.S.C. § 922(g)(1) and distribution of methamphetamine in violation of 28 U.S.C. § 841(a)(1). (Doc. Nos. 34; 37; 38; 66). Mr. Plaketta was committed to the custody of the Federal Bureau of Prisons ("BOP") for sixty months. (Doc. No. 66 at 2). He is currently incarcerated at the West Valley Detention

Center–San Bernadino County, a non-BOP facility located in Rancho Cucamonga, California. (Doc. No. 73 at 3).

## LEGAL STANDARD

Generally, a court may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act is one such statute.

18 U.S.C. § 3582(c)(1)(A) provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

## I. Exhaustion Requirement

The First Step Act allows prisoners to bring their own motions for compassionate release after: (1) fully exhausting administrative appeals of the BOP's decision not to file

a motion, or (2) "the lapse of 30 days from the receipt . . . of such a request" by the warden of the defendant's facility, "whichever is earlier." 18 U.S.C. § 3852(c)(1)(A).

A defendant bears the burden of showing he exhausted his administrative rights before filing his compassionate release motion. *See United States v. Williams*, No. 1:12-CR-0135 AWI BAM, 2021 WL 289391, at *3 (E.D. Cal. Jan. 28, 2021); *U.S. v. Van Sickle*, CR18-0250JLR, 2020 WL 3962225, at *2 (W.D. Wash. July 13, 2020).

Courts in the Ninth Circuit have consistently held § 3582's exhaustion requirement is mandatory for inmates held in BOP custody. *See, e.g.*, *Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998) (citation omitted) ("[S]tatutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court."); *see also United States v. Wholecheese*, 845 F. App'x 655, 655–56 (9th Cir. 2021) (district court "lacked authority" to address motion for compassionate release where record showed defendant had not fulfilled administrative exhaustion requirement); *United States v. Wang*, No. 19-CR-01895-BAS-1, 2020 WL 6582685, at *2 (S.D. Cal. Nov. 10, 2020) (joining the vast majority of courts in this circuit that have found exhaustion of § 3582 mandatory); *United States v. Casanova*, No. 14-CR-0312 L, 2020 WL 5203407, at *1 (S.D. Cal. Sept. 1, 2020) ("The Court has no authority to consider Defendant's motion until the exhaustion criteria of § 3852(c)(1)(A) is met."); *United States v. Otero*, Case No.: 17cr879-JAH, 2020 WL 1912216, at * 4 (S.D. Cal. Apr. 20, 2020) ("[F]ailure to exhaust administrative remedies is fatal to a compassionate release petition[.]"); *United States v. Reid*, Case No. 17-cr-00175-CRB-1, 2020 WL 1904598, at * 3 (N.D. Cal. Apr. 18, 2020) ("The Supreme Court has stated that '[w]here Congress specifically mandates, exhaustion is required.'") (citations omitted); *United States v. Eberhart*, 448 F. Supp. 3d 1086 (N.D. Cal. 2020) ("Because defendant has not satisfied the exhaustion requirement, the court lacks authority to grant relief[.]").

Here, there is no evidence Mr. Plaketta made any efforts to obtain relief from the BOP before filing his letter with this court. At the same time, however, Mr. Plaketta may be excused from the requirement to exhaust his administrative remedies because he

is currently incarcerated at a non-BOP facility. (Doc. No. 73 at 3). "[C]ourts have regularly concluded that Section 3582(c)(1)(A)'s exhaustion requirement is either waived or excused in cases where the defendant is currently housed in a non-BOP facility, particularly where, as here, the Government does not challenge the motion on exhaustion grounds." *United States v. Barajas,* No. 18-CR-736-04 (NSR), 2020 U.S. Dist. LEXIS 123600, at *24 (S.D.N.Y. July 13, 2020).

Even so, courts in the Ninth Circuit have required defendants in non-BOP facilities to at least notify the BOP "in an attempt to pursue administrative remedies before the court can determine that exhaustion is futile." *United States v. Hoover*, No. 3:08-cr-00123-TMB-2, 2020 U.S. Dist. LEXIS 125050, at *4 (D. Alaska May 13, 2020); *see also, e.g.*, *United States v. Baca*, No. CR 16-1613 JB, 2020 WL 5369078, at *14 (D.N.M. Sept. 8, 2020) (finding the fact that defendant was not in BOP custody was "not necessarily determinative" on the question of exhaustion and defendant still had to exhaust his administrative remedies "to the fullest extent possible."); *United States v. Gonzalez*, 451 F. Supp. 3d 1194, 1196 (E.D. Wash. 2020) (finding administrative exhaustion where prisoner in non-BOP facility first petitioned the BOP and was told she did not have any administrative path or remedies she could pursue); *United States v. Dailey*, No. 2:13-CR-00118 KJM, 2020 WL 2195926, at *3 (E.D. Cal. May 6, 2020) (finding defendant in non-BOP facility had not exhausted his administrative remedies where he "made no effort" to exhaust them).

There is no evidence Mr. Plaketta contacted the BOP *at all* regarding his possible release options. This issue was not briefed, however, and the court will not rule that the exhaustion requirement may be waived in this case given the limited record before it.[1]

---

[1] Although the court is sympathetic that incarcerated persons face difficulties when representing themselves, as the United States Supreme Court has held, "federal district judges have no obligation to act as counsel or paralegal to *pro se* litigants" as doing so would "undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 227, 124 S. Ct. 2441, 2444 (2004).

As Mr. Plaketta has not met his burden of showing administrative exhaustion, the court could, and does, deny Mr. Plaketta's request on jurisdictional grounds alone.

## II.     Extraordinary and Compelling Reasons

Even if the court were to reach the merits here, Mr. Plaketta has not met his burden of demonstrating "extraordinary and compelling reasons" to justify a sentence reduction. A district court may modify a sentence and grant compassionate release if, after consideration of the factors set forth in section 3553(a), the court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3852(c)(1)(A)(i).

In determining what constitutes "extraordinary and compelling reasons," the Ninth Circuit has recently clarified that the "current version" of the United States Sentencing Commission's policy statement section 1B1.13 "is not an 'applicable policy statement[]' for 18 U.S.C. § 3583(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).  Nevertheless, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*

The commentary to §1B1.13 enumerates certain circumstances constituting "extraordinary and compelling reasons" including medical condition, advanced age, family circumstances, and "[o]ther reasons—[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. §1B1.13 n.1.  "The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner" may constitute extraordinary and compelling circumstances for purposes of compassionate release. U.S.S.G. § 1B1.13, cmt. n.1(C).

In his letter to the court, Mr. Plaketta states he is the father of four children and that his family suffered a recent "severe automobile accident." ECF No. 73 at 1. As a result, Mr. Plaketta states his wife is on her third surgery and it is uncertain when she will be released from the hospital. *Id.* In essence, Mr. Plaketta requests that he be released in order to serve as a caregiver for his minor children.

Although the court is sympathetic to Mr. Plaketta's family circumstances, the facts as alleged do not meet the level of extraordinariness required for a compassionate release based on family circumstances. "The animating principle of the Family Circumstances category is that there exists an extraordinary and compelling reason for release when the defendant has a close family member who is completely unable to care for himself or herself and for whom the defendant would be the only available caregiver." *United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020) (emphasis added).

In this case, there is nothing in the record to indicate Mr. Plaketta's spouse is incapacitated such that she has been rendered incapable of caring for herself or her minor children. *See United States v. Nassida*, No. CR 14-241, 2020 WL 4700845, at *3 (W.D. Pa. Aug. 13, 2020) ("'Incapacitated' has been interpreted to mean 'completely disabled,' and to refer to someone who 'cannot carry on any self-care and is totally confined to a bed or chair.'"). Mr. Plaketta has not, for example, provided any verifiable medical documentation of his wife's condition or any evidence his wife is the only family member capable of caring for his minor children. Indeed, as Mr. Plaketta concedes in his letter, his eighteen-year-old daughter has been serving as an alternative caretaker. (Doc. No. 73 at 1).

While it may undoubtedly be *difficult* for Mr. Plaketta's wife and eighteen-year-old daughter to care for his minor children, there is no evidence they are *incapable* of doing so or that there is no one else available to assist them. "Unfortunately, family members often are the most hurt when a parent or spouse commits a crime." *United States v. Schmuel*, No. 19-CR-03006-BAS-1, 2022 WL 623914, at *3 (S.D. Cal. Mar. 2, 2022).

Based on the limited record before it, the court concludes any claim for compassionate release based upon Mr. Plaketta's desire to provide care for his wife and minor children does not rise to the level of "extraordinary and compelling" circumstances warranting release. *See United States v. Bondarenko*, No. 217CR00306JCMVCF, 2022 WL 16701934, at *3 (D. Nev. Nov. 3, 2022) (denying motion for compassionate release where there was no evidence plaintiff was the only available caregiver); *United States v. Tamariz*, No. 3:17-CR-3551-BTM-1, 2020 WL 7770914, at *2 (S.D. Cal. Dec. 30, 2020) (denying compassionate release based on defendant's wife's medical condition where there was no evidence defendant's wife was "completely unable to care for herself or her children, one of whom is an adult, or that no one else is available to assist her"); *United States v. Cruz-rivera*, No. CR 11-43, 2020 WL 5993352, at *7 (E.D. Pa. Oct. 9, 2020) (denying compassionate release based on defendant's wife's medical condition where defendant's motion and supporting documents did not show his wife was "incapacitated due to her breast cancer or diabetes" and defendant had not shown he would be the only available caregiver).

## CONCLUSION

For the above reasons, the court **DENIES** Mr. Plaketta's Motion for Compassionate Release **WITHOUT PREJUDICE**.

IT IS SO ORDERED.

DATED: December 1, 2022

JEFFREY T. MILLER
United States District Judge